**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT FOWLER,** | **CIVIL ACTION** |
|         **Petitioner,** | |
| **v.** | |
| **VINCENT MOONEY,** | **NO.  14-1768** |
| **THE DISTRICT ATTORNEY OF THE** | |
| **COUNTY OF PHILADELPHIA, and** | |
| **THE ATTORNEY GENERAL OF THE** | |
| **STATE OF PENNSYLVANIA,** | |
|         **Respondents.** | |

**O R D E R**

**AND NOW**, this 9th day of November, 2015, upon consideration of Petition for Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed by *pro se* petitioner, Robert Fowler, the

record in this case, the Report and Recommendation of United States Magistrate Judge Richard

A. Lloret dated August 31, 2015, and Objections to the Magistrate's Report and

Recommendation, **IT IS ORDERED** as follows:

      1.     The Report and Recommendation of United States Magistrate Judge Richard A.

Lloret dated August 31, 2015, is **APPROVED** and **ADOPTED**;

      2.     The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed by *pro*

*se* petitioner, Robert Fowler, is **DENIED** and **DISMISSED**;

      3.     The Objections to the Report and Recommendation filed by *pro se* petitioner,

Robert Fowler are **OVERRULED** for the reasons set forth below; and,

      4.     A certificate of appealability will not issue because reasonable jurists would not

debate (a) this Court's decision that the petition does not state a valid claim of the denial of a

constitutional right, or (b) the propriety of this Court's procedural rulings with respect to

petitioner's claim.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

**1.   Objections covered in the R&R.**

*Pro se* petitioner filed a hodgepodge of Objections including new claims asserted after issuance of the Report and Recommendation (R&R) by Magistrate Judge Richard A. Lloret. Most of the Objections were covered in the R&R. Specifically, the objections on pages one (1) through six (6), the objection on page seven (7) relating to police "mocking up" the crime scene, the objection on page seven (7) relating to ineffectiveness of counsel for failure to  include arguments on appeal, the objection on page eight (8) relating to Commonwealth control of the knife, and the second objection relating to "mocking up" the crime scene set forth on page nine (9) were addressed in the R&R which was approved and adopted by the Court. All such objections are rejected for the reasons stated in the R&R.

**2.   Remaining objections.**

 The remaining objections –the objection relating to police perjury (page seven (7), the objection relating to the ineffectiveness for failure to include arguments on appeal based on the original appeal in state court (page seven (7), and the objection on page nine (9) in which *pro se* petitioner states the Magistrate Judge lied in the R&R – are non-specific new claims. They were not presented to the magistrate judge. Finally, *pro se* petitioner invokes the writ of coram nobis at page seven (7). This is a new claim not presented to the magistrate judge. Moreover, the remedy of coram nobis is unavailable to *pro se* petitioner because, *inter alia*, he is in custody. See Obado v. New Jersey 328 F.3d 716,718 (3rd Cir. 2003).

With respect to the new claims, Local Rule of Civil Procedure 72.1(IV)(c) provides as follows:

> "All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after

the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."

The Court concludes that the interest of justice does not require consideration of the new claims because all such claims could have been presented to the magistrate judge by *pro se* petitioner, and he failed to do so. Thus, the objections purporting to raise new claims not presented to the magistrate judge are overruled.

More is required of a habeas petitioner than to "scatter some makeshift needles in the haystack of the…record." <u>Martens v. Shannon</u>, 836 F.2d 715,717 (1st Circ. 1998). Rules2(c)(1) and (2) of the Rules Governing Section 2254 cases require that a petition "specify" all grounds for habeas relief and state the facts supporting each ground. If a petitioner fails to adequately specify his claims, as in this case, they are subject to dismissal without an evidentiary hearing. <u>See</u> <u>Zettlemoyer v. Fulcomer</u>, 923 F.2d 284, 301 (3d Cir. 1991).

All of the objections raising new claims excepting only that involving the writ of coram nobis are non-specific. *Pro se* petitioner raises issues but does not explain how the issues are related to his case. They are overruled for that additional reason.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

_____

**DuBOIS, JAN E., J.**